UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>BRANDON GORE )<br>) | Crim. No.: 08-194(JR) |

**DEFENDANT'S UNOPPOSED MOTION TO WITHDRAW GUILTY PLEA**

Defendant, Brandon Gore, through undersigned counsel, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), for permission to withdraw the guilty plea he entered on May 22, 2008.

In support of the Motion, undersigned counsel states:

1. On May 22, 2008, Mr. Gore appeared before the Court for the entry of a guilty plea. Mr. Gore pled guilty to a two count criminal information that charged him with Unlawful Possession with Intent to Distribute 100 Grams or More of Phencyclidine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(iv) (count 1) and Possession of a Firearm by a Person Previously Convicted of a Felony in violation of 18 U.S.C.§ 922(g) (count 2). The Court scheduled the Sentencing Hearing for August 5, 2008.

2. The terms of the plea are contained in a six page letter that outlines the concessions, obligations and complete understandings of the parties. Critical to the instant motion are the paragraphs in the plea letter that delineate the statutory maximum and mandatory minimum penalty of count one of the criminal information (Charges and Statutory Penalties), the accuracy of the Statement of Offense (Factual Stipulations), and the guideline calculations (Sentencing Guidelines).

<u>See</u> Plea Letter P 1-3.

3. The day after Mr. Gore entered his plea, undersigned counsel received a voicemail from AUSA Emily Miller regarding a problem with the factual proffer of the guilty plea. According to Ms. Miller, the final DEA-7, which documents the chemist's analysis and weight of the suspected controlled substance showed that the total weight of the Phencyclidine at issue was approximately 34.7 grams as opposed to the proffered 423 grams contained in the Statement of Offense submitted to the Court.

4. Given the substantial discrepancy in the actual and analyzed weight of the phencyclidine, it would be a violation of Mr. Gore's right to due process to proceed to sentencing. The sentencing results based on the pled proffer and the analyzed weight documented in the DEA-7 would be extreme. Under the correct weight, Mr. Gore does not face a mandatory minimum sentence of five years and his estimated sentencing guideline would be reduced from a range of 125-100 months to 37-30 months of incarceration.

5. The interests of justice require that Mr. Gore be allowed to plea to a criminal charge that has the correct weight of the controlled substance. Assistant United States Attorney, Emily Miller, has extended a new plea offer to Mr. Gore that references the correct weight of the seized phencyclidine and includes a revised statutory maximum penalty and guideline calculation. For these reasons along with the applicable rule of criminal procedure and case law, Mr. Gore moves the Court for permission to withdraw his guilty plea which is not opposed by the government.

## ARGUMENT

"If a motion to withdraw a plea of guilty ... is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(d); see United States v. Holland 117 F.3d 589, 594 (D.C. Cir. 1997)  In exercising its discretion, there are certain factors the Court should consider.  First, the court should consider whether the defendant has asserted a viable claim of innocence.  United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990).  Based on the DEA-7 which contains the final chemical analysis and actual weight of the phencyclidine seized from his vehicle, Mr. Gore has a "legally cognizable defense to the charge against him [in count one of the criminal information]". United States v. McCoy 215 at 106 (internal citations omitted).  A jury could conceivably convict him of possession with intent to distribute phencyclidine.  However, the government would not survive a motion for judgement of acquittal on the charge of possession with intent to distribute 100 grams or more of phencyclidine.  A conviction on the latter would result in a five year minimum mandatory sentence and final guideline sentence of 100-125 months of incarceration.

The second consideration is whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case.  United States v. McCoy, 215 F.3d 102, 106 (D.C. Cir. 2000); United States v. Ford, 993 F.2d 249 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d 1014, 1017 (D.C. Cir. 1990).  It is unlikely that the government would be prejudiced in its ability to prosecute Mr. Gore, should he decide to reject a substantially more favorable plea.  The delay between the guilty plea and the filing of the instant motion amounts to a delay of seven business days.  Additionally, the government's main witnesses

are Metropolitan Department Police Officers who can presumably be available to testify if they are provided with sufficient notice. Indeed, if the witnesses are subpoenaed to appear before this Court they are legally bound to do so. Thus, it is unlikely that the government will be substantially prejudiced if the Court allows Mr. Gore to withdraw his guilty plea.

A motion to withdraw a guilty plea is governed by Federal Rule of Criminal Procedure 11(d)(2)(B) which provides in pertinent part [T]hat a defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if;

(A) the court rejects a plea agreement under Rule 11( c) (5); or

(B) the defendant can show a fair and just reason for requesting the withdrawal.

The startling difference in the penalties that Mr. Gore faces pursuant to the accepted Statement of Facts in conjunction with his plea to the inapplicable count (one) in the criminal information satisfies the "fair and just" requirement of Rule 11(d)(2)(B) in support of his request to withdraw the guilty plea.

Wherefore, for the foregoing reasons and for any other such reason as may appear to the Court in a hearing on this matter, Brandon Gore respectfully moves the Court to permit his withdrawal of the guilty plea.

    Respectfully submitted,

    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER

                                      /s/
_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BRANDON GORE** | )<br>)<br>)<br>)  Crim. No.: 08-194(JR)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Defendant's Motion To Withdraw His Guilty Plea, it is hereby

**ORDERED** that Defendant's Motion is **GRANTED**;

**FURTHER ORDERED** that the parties will appear for a Status Conference on the _____day of_____2008 at _____to advise the Court on how the case will be resolved;

**SO ORDERED**


_____                                           _____
DATE                                                 JAMES ROBERTSON
                                                     UNITED STATES DISTRICT JUDGE


Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004

Emily A. Miller
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530