

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 1, 2008

Carlos Vanegas, Esq.
Assistant Federal Public Defender
Federal Public Defender for the District of Columbia
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

# FILED

**JUN 2 4 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   United States v. Brandon Gore
      Criminal Number 08-142 (JR)

Dear Mr. Vanegas:

This letter sets forth the full and complete amended plea offer to your client, Brandon Gore, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on June 10, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

## Charges and Statutory Penalties

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with one count of Unlawful Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1), and with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 20 grams but less than 40 grams of a mixture or substance containing a detectable amount of phencyclidine (PCP), which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client also agrees and will acknowledge that he was in possession of a dangerous weapon, that is, a .357 caliber revolver, at the time these offenses were committed.

Your client understands that pursuant to 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), the offense of Unlawful Possession with Intent to Distribute Phencyclidine is punishable by term of imprisonment up to 20 years, a fine of up to $1,000,000.00, an obligation to pay any applicable interest or penalties on fines not timely made, and a term of supervised release of at least three years.

Your client further understands that pursuant to 18 U.S.C. §§ 924(a)(2), 3571, 3583 the offense of Unlawful Possession of A Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year is punishable by a term of imprisonment of up to 10 years, a fine of up to $250,000, an obligation to pay any applicable interest or penalties on fines not timely made; and a term of supervised release not to exceed three years.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3571 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached "Statement of Offense."

### **Factual Stipulations**

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### **Sentencing Guidelines**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

-2-

## A. Offense Level under the Guidelines

| | | |
|---|---|---|
| Estimated Base Offense Level | 18 | U.S.S.G. § 2D1.1(c) |

Applicable Specific Offense Characteristics

| | | |
|---|---|---|
| Possession of a Dangerous Weapon (Firearm) | +2 | U.S.S.G. § 2D1.1(b)(1) |

## B. Adjustment for Acceptance of Responsibility:

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not

-3-

intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

## Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

## Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

## Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

## Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any

-4-

debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction(s) following your client's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

-5-

**Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____

EMILY MILLER
ASSISTANT UNITED STATES ATTORNEY

-6-

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: __6-5-08__

_Brandon M. Gore_
Brandon M. Gore
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: __6/5/08__

_Carlos Vanegas_
Carlos Vanegas, Esquire
Attorney for the Defendant

-7-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  08-142 (JR) |
| | : | |
| v. | : | VIOLATIONS: 21 U.S.C. § 841(a)(1) |
| | : | and § 841(b)(1)(C) |
| BRANDON GORE, | : | (Unlawful Possession With Intent to |
| Defendant. | : | Distribute Phencyclidine); |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |

**I N F O R M A T I O N**

The United States Attorney charges:

**COUNT ONE**

On or about March 19, 2008, within the District of Columbia, **BRANDON GORE** did

unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled

substance.

    (**Unlawful Possession With Intent to Distribute Phencyclidine**,   in violation of Title 21,
United States Code, Sections  841(a)(1) and 841(b)(1)(C))

**COUNT TWO**

On or about March 19, 2008, within the District of Columbia, **BRANDON M. GORE**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, in

District of Columbia Superior Court, Criminal Case No. 2006CF2004611, did unlawfully and

knowingly receive and possess a firearm, that is, a Taurus .357 caliber Magnum revolver, and did

unlawfully and knowingly receive and possess ammunition, that is, six Federal .357 caliber Magnum

hollow point cartridges, which had been possessed, shipped and transported in and affecting

interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))


JEFFREY A TAYLOR
Attorney of the United States in
and for the District of Columbia
Bar No. 498610


BY:  _____

EMILY A. MILLER
Assistant United States Attorney
Bar No. 462-077
Federal Major Crimes Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
(202) 514-7533
Emily.Miller@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Criminal Case No. 08-CR-142 (JR)** |
| **BRANDON M. GORE** | : | |

## STATEMENT OF FACTS

The parties in this case, the United States of America and the defendant, Brandon Gore, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offenses; they are being submitted to demonstrate that the defendant committed the offenses to which he is pleading guilty.

1. On March 19, 2008, at approximately 2:57 p.m., Detective Bob Scherr and Detective Timothy Hodge of the United States Park Police were traveling in the area of Florida Avenue and Eckington Place, N.E., Washington, D.C. They observed a gray Saturn bearing Maryland registration number 8CR-L84 with a cracked windshield traveling westbound on Florida Avenue. The defendant, later identified as Brandon Marion Gore, was the driver and sole occupant. He was not wearing a seatbelt. He avoided the appropriate travel roadway by turning off Florida Avenue, driving through a gas station parking lot onto P Street, N.E.

2. Detective Hodge conducted a traffic stop on the Saturn and made contact with the defendant. He advised the defendant of his infractions and requested his driver's license and vehicle registration. Detective Hodge immediately detected an odor of PCP coming from the vehicle. The defendant was visibly shaken. His hands were shaking. He provided the registration card and said the car belonged to a family member. After patting all his pockets, he admitted to not having a permit on his person. When asked, the defendant provided a a false name of Quinton Isaiah Gore (which he spelled incorrectly), and a false birthdate of "7/15/88", which he then

-9-

"corrected" to a false birth month of June. (His actual birthday is July 27, 1986.)   During this roadside interview with the defendant, the odor of PCP increased.

3.  The defendant was arrested for failing to exhibit a permit.  In a search incident to arrest, police recovered a total of $422.00 in U.S. currency from the defendant's pockets.  The police searched the Saturn.  In the center console, they found an unknown brown substance packaged like illegal narcotics and rolling papers.  On the rear passenger side floorboard, they recovered a sixteen-ounce Schweppes Ginger Ale plastic soda bottle which was approximately half-full of PCP.  In the engine compartment, they recovered a clear ziplock bag containing seven one-ounce bottles of PCP, and a silver Taurus .357 magnum revolver, fully loaded with .357 caliber hollow point bullets.  The amount of PCP recovered (34.7 grams), and its packaging, is consistent with distribution and not personal use.  Before the defendant came into possession of the revolver, the revolver had been shipped and transported in interstate commerce.

4.  Prior to March 19, 2008, the defendant had previously been convicted of a crime which is punishable by more than one year's imprisonment, in District of Columbia Superior Court Case No. 2006CF2004611.


EMILY A. MILLER
Assistant United States Attorney

CARLOS VANEGAS, Esquire
Attorney for Defendant


BRANDON M. GORE
Defendant


6/1/08
Date

6/5/08
Date