UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 08-142(JR) |
| v. | ) ) ) | |
| BRANDON GORE | ) ) ) ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Brandon Gore, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Defendant Brandon Gore will appear before the Court on Thursday, September 4, 2008 for his Sentencing Hearing. On June 24, 2008, Mr. Gore entered a guilty plea to a superceding information that charged him with one count of Unlawful Possession with Intent to Distribute Phencyclidine in violation of 21 U.S.C. § 841(a)(1) and (B)(1)( C) and with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Mr. Gore committed the offense on March 19, 2008.

Pursuant to the distribution conviction, Mr. Gore faces a maximum term of incarceration of twenty years, a term of supervised release of not more than three years and a fine of one million dollars. The conviction for possessing the firearm exposes Mr. Gore to a maximum prison sentence of ten years, supervised release of not more than three years and a maximum fine of $250,000.00 dollars. In her Pre-Sentence Investigation Report (the "PSR") Probation Officer Renee Moses-

Gregory calculated a sentencing guideline range of 37 to 46 months pursuant to the advisory United States Sentencing Guidelines. The range is based on a final Base Offense Level 17 and a Criminal History Category IV.

**Factual Background**

Mr. Gore was arrested on March 19, 2008 in response to three traffic violations. After he was stopped by Park Police Officers, Mr. Gore was unable to produce a license. While the officers questioned Mr. Gore, the officers smelled PCP emanating from his car. After, Mr. Gore was placed under arrest for not having a permit, his car was search incident to his arrest. The search of the car resulted in the recovery of PCP in various containers, assorted drug paraphernalia and a firearm. Approximately $422.00 dollars was recovered from Mr. Gore.

**ARGUMENT IN SUPPORT FOR A SENTENCE OF 37 MONTHS AND A RECOMMENDATION FOR THE 500 HOUR SUBSTANCE ABUSE PROGRAM**

Mr. Gore is before the Court facing his third criminal conviction. Regrettably, the instant offense is the most serious criminal conduct in his young adult life. The PCP that he possessed with the objective of making money has a detrimental effect on the community as a whole. The weapon that he possessed was extremely dangerous and its use could have resulted in severe injuries to others. Mr. Gore, has had enough time to reflect that at the young age of twenty two, he again finds himself incarcerated, convicted and waiting to be sentenced. Regrettably, this time, unlike previous sentencing hearings, he knows that he will be sentenced to a substantial period of incarceration.

Although, Mr. Gore picked up his first criminal conviction when he was 19 years old he was never adjudicated or even arrested as a juvenile. The absence of a juvenile record makes his recent criminal behavior all the more puzzling. Mr. Gore never imagined or anticipated that at the age of

twenty-two he would experience long term incarceration. Mr. Gore is a high school graduate who received a vocational training certificate in auto mechanics. Prior to the instant offense Mr. Gore had never been incarcerated for more than a couple of months. The recent experience of long term incarceration has been very sobering for Mr. Gore. Since his arrest on March 19, 2008, Mr. Gore has had enough time to acknowledge that he has completely derailed his life. Regrettably, Mr. Gore has two other criminal matters that are waiting to be resolved after he is sentenced in this case.

Because Mr. Gore was on probation when he committed the instant offense he has a revocation hearing scheduled on September 3, 2008. The probation sentence that he received in the Superior Court was an opportunity and privilege that he took for granted. Ms. Veta Johnson, his public defender in the Superior Court case, believes that Mr. Gore will most likely receive a sentence of 24 months to run consecutive to the instant case. Once he is done with the Superior Court case, Mr. Gore has another distribution case in Ann Arundel County, Maryland. Sadly, although Mr. Gore is only twenty-two years old his criminal history is edging uncomfortably close to career offender status. Clearly, Mr. Gore needs to a dramatic and sustained commitment to lawful and responsible behavior if he is going to salvage the remainder of his young adult life.

Mr. Gore's rapid descent into criminal behavior and the criminal justice system has guaranteed his separation from his family. Both his parents are shocked and disappointed with the choices that Mr. Gore has made. His father, Dennis Gore has always known his son to be respectful, studious and friendly. Mr. Dennis Gore could not pinpoint a reason why his son has strayed so far from the easygoing and socially adjusted teenager that he used to be. While his present situation is bleak, Mr. Gore has managed to remain optimistic about his future. Mr. Gore has a very pleasant, gentle and personable demeanor. Mr. Gore has never blamed his present situation on anyone. He

acknowledges that he is solely responsible for his present predicament.

At this point Mr. Gore is determined to take advantage of the educational and vocational programs that are available in the Bureau of Prison. Mr. Gore understands that when he is released from prison he will be placed on a substantial period of Supervised Release. He knows that under supervision the Court will keep its authority to re-incarcerate him for any violation, regardless of the severity. Since the instant conviction represents the most serious transgression that Mr. Gore has committed a sentence of 37 months, which is the low end of the applicable sentencing guideline, is a reasonable sentence that takes into account and adequately satisfies the statutory factors set forth in 18 U.S.C. § 3553(a).

**A.    PURSUANT TO 18 U.S.C. § 3553(a) AND 28 U.S.C. § 991(b)(1)(B) A PRISON SENTENCE OF THIRTY-SEVEN MONTHS IS A REASONABLE AND APPROPRIATE SENTENCE.**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory sentencing guidelines as they were applied were unconstitutional. The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and [] the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

Application of the advisory sentencing guidelines provides the court with flexibility in

determining the appropriate sentence for Mr. Gore.  18 U.S.C. § 3553(a) allows the Court to take into account the particularized factors of Mr. Gore's life and not just the fact of his criminal conduct. This approach is consistent with the objectives of 28 U.S.C. § 991, the enabling statute of the Sentencing Commission.  Both the enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations.  28 U.S.C. § 991(b)(1)(B) provides Sentencing Courts with discretion to "maint[ain] sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." Application of 18 U.S.C. § 3553(a) and 28 U.S.C. § 991(b)(1)(B) justify the imposition of a 37 month prison sentence.

    18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Gore's history and nature and circumstance of the offense.  The nature of the offense, 21 U.S.C. § 841(a)(1), is a case of possession with intent to distribute phencyclidine.  The charge is supported by the weight and packaging of the phencyclidine that was recovered from Mr. Gore's car.  Notwithstanding his recent criminal conduct, Mr. Gore has shown that he is a capable and motivated person.  He is a high school graduate who earned a vocational certificate.  That vocational certificate allowed him to be gainfully employed, which he was at the time of his arrest.  Although, Mr. Gore has fallen short in fulfilling his potential he is young enough that he can still turn his life around.

    Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Gore's sentence must reflect the seriousness of the offense.  There is no question that Mr. Gore violated the law and that the Court has to sanction his conduct.  Mr. Gore has acknowledged the seriousness of his criminal conduct and readily took responsibility for his actions.  In the first meeting with undersigned counsel,  Mr. Gore expressed his desire to resolve the case by admitting his guilt and accepting the consequences.  His decision

was based on the simple fact that he had violated the law in his efforts to sell a poison to the community. As such the government expended minimal resources in prosecuting Mr. Gore. In fact, Mr. Gore waived his detention hearing and he never filed any pre-trial motions.

As it stands now Mr. Gore is facing a guideline range of 37 to 46 months of incarceration. Mr. Gore acknowledges that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. While the sentence must provide deterrence and protect the public, it must also provide Mr. Gore with educational and vocational training and medical care. In balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2)[§ 3553]." See 18 U.S.C. § 3553(a).

A guideline sentence of 37 months of incarceration that will be followed by a period of supervised release of three years is "just punishment. " The 37 month sentence will most likely be followed by a prison term of 24 months from his probation case in the Superior Court. It is safe to assume that a potential sentence of 61 months can adequately protect the public and achieve adequate deterrence for at least two reasons. First, throughout his juvenile life Mr. Gore conducted himself lawfully. Second, Mr. Gore has demonstrated the capacity and commitment to obtain lawful employment.

18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Gore's sentence in light of the educational or vocational training that will support his rehabilitation and education. Clearly, Mr. Gore will benefit significantly from the opportunities that will be available in the Bureau of Prison. Foremost, Mr. Gore stands to gain by participation in the 500 hundred hour substance abuse program. The substance abuse program should provide him with greater insight into the terrible

consequences that drug use and drug dealing has had on his life, his family and on the community that has been subjected to his illegal business.

Finally, a sentence of 37 months is a reasonable sentence that falls within the applicable guideline range which was contemplated and agreed to by the parties in the plea agreement.

**CONCLUSION**

Mr. Gore's request for a sentence of 37 months is based on a recognition that he merits a punitive sanction and the opportunity for rehabilitation. First, it is almost certain that Judge Holman of the Superior Court will impose a consecutive sentence of twenty four months to the sentence imposed by this Court. Secondly, Mr. Gore will then have to resolve his distribution case in Ann Arundel County, Maryland. Even if the latter case were to be dismissed, Mr. Gore is realistically facing a sixty one month sentence. Under that best case scenario, Mr. Gore will be approximately twenty-six years old when he is released from custody.

The federal sentence must also be seen in light of Mr. Gore's mandatory term of supervised release. When he leaves prison, Mr. Gore's liberty will be governed by strict conditions and obligations. A lack of compliance will be immediately brought to the Court's attention exposing him to additional incarceration. Viewed in that context the 37-month sentence does not detract or minimize the punitive component of the sentence. Having satisfied the punishment phase of the sentence, Mr. Gore should be given an early opportunity to be reunited with his family, to find employment, and to once and for all address and reject his criminal behavior.

For these reasons, undersigned counsel requests that the Court sentence Mr. Gore to a term of incarceration of thirty-seven months along with a recommendation for participation in the 500-hour substance abuse program.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500